UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MYRA A. WEIHER,<br><br>    Defendant. | Case No. 15-cv-00197-JST (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 3 |

## INTRODUCTION

Plaintiff, currently in custody at the Coalinga State Hospital, filed this pro se civil rights action under 42 U.S.C. § 1983 and applied to proceed in forma pauperis. He is detained pursuant to California's Sexually Violent Predator Act ("SVPA"). Plaintiff complains about the validity of his assessment as a sexually violent predator under the SVPA, which assessment took place in San Mateo County. Defendant is Supervising Deputy San Mateo County Public Defender, Myra A. Weiher. Plaintiff alleges that Ms. Weiher failed to properly supervise and train plaintiff's appointed counsel to ensure such appointed counsel effectively represented plaintiff during SVPA proceedings. Specifically, plaintiff alleges that Ms. Weiher was aware that the SVPA was being implemented in an unconstitutional manner but failed to adequately train appointed counsel on how to investigate and challenge the SVPA's fraudulent assessment schemes. Plaintiff seeks damages and declaratory relief.

**DISCUSSION**

**A.  Standard of Review**

The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  See 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The complaint has two problems.  First, the complaint cannot go forward at this time because the claims alleged are so closely tied to the validity of the civil commitment proceedings now pending.  The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful.  See id. at 486-87.  A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  See id.  The Heck rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid.  See id.  The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages or declaratory relief; the decision must have been successfully attacked before the civil rights action for damages is filed.

Heck applies to detainees under an involuntary civil commitment scheme such as California's SVPA.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).  Such a detainee's claim for damages and/or declaratory relief is barred by Heck if success on the claim

2

would necessarily imply the invalidity of the detainee's civil commitment.  See id. at 1140-41.  Thus, for example, in Huftile, the court found a § 1983 action against one of the psychological evaluators of a plaintiff being considered for civil commitment under the SVPA barred by Heck because, without her evaluation, there would have been no basis for the SVPA action to have proceeded further.  See id. at 1141.

Plaintiff may challenge the validity of his assessment in this court, but he must do so by way of a habeas petition filed in a separate action from the instant civil rights case, after exhausting state judicial remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Second, the complaint must be dismissed because it is well established that a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  It does not matter that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S. 814 (2003).  Miranda did hold that the head of a public defender's office may be considered a state actor when performing essentially administrative functions.  See id. at 468-70.  That does not appear to be plaintiff's claim here; rather, his claims are based on Ms. Weheir's supervisory functions.  In any event, even assuming Ms. Weheir somehow qualifies as a state actor, a supervisor is liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).  Here, plaintiff's constitutional claim is grounded in the SVPA itself, and its allegedly fraudulent assessment scheme, none of which is connected to Ms. Weheir.  Finally, declaratory relief is not appropriate because it is well-settled that a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because it would be futile.

Plaintiff's application to proceed in forma pauperis (dkt. #2) and motion to file in forma pauperis without being subject to the Prison Litigation Reform Act (dkt. #3) are GRANTED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  February 5, 2015

JON S. TIGAR
United States District Judge